Tayiok, Chief-Justice,
 

 delivered the opinion of the Court:
 

 After stating the case, he said, the demurrer admits that
 
 Moody
 
 was taken in execution, and discharged by the Plaintiff; and the question presented is, whether that operates a discharge of the bail ?
 

 The position is well established by authority,' that if a Plaintiff once take a Defendant in execution, and consent to his discharge, lie cannot afterwards sue out any execution on that judgment.
 
 *
 
 There is but one case where a debtor in execution, who obtains his liberty, may after-wards be taken again for the same debt; and that is, when he has escaped ; and the reason of that is, because he is not
 
 legally
 
 out of custody. But where a prisoner obtains his discharge with tiie consent of the Plaintiff, he cannot be re-taken, if being considered that the Plaintiff has obtained a satisfaction in Jaw, by having bis debtor once in execution.
 
 †
 
 This is uniformly the rule where there is but one Defendant; and it is equally well settled, that if the Plaintiff discharge one, of several Defendants, taken on a joint
 
 ca.
 
 sa, he cannot afterwards re-take such Defendant, or take any of the others.
 
 ‡
 
 Where, indeed, the discharge- is without the consent of the Plaintiff, as by an insolvent law, a different
 
 rule
 
 prevails.
 
 §
 
 The Defen
 
 *53
 
 dant, in this case, can only be proceeded against, according. to the rules laid down, relative to bail; who is not chargeable until an execution be first returned, that the principal is not to be found in his proper County 5 nor can a
 
 sd. fa.
 
 issue until such execution shall have been so returned. Therefore, the judgment on the demurrer must be reversed : And the whole Court gave judgment for the Defendant.
 

 *
 

 4 Bur. Rep. 2482. 1 T. R.
 
 557. 2
 
 East. Rep. 244.
 

 †
 

 7 T. R. 421.
 

 ‡
 

 6 T. R. 525.
 

 §
 

 5 East. Rep. 147.